UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHAUNCEY M. MAHAN,<br><br>    Plaintiff,<br><br>    v.<br><br>JUAN PEREZ, et al.,<br><br>    Defendants. | Case No. 16-cv-02024-JST<br><br>**ORDER GRANTING DEFENDANT'S APPLICATION FOR STAY**<br><br>Re: ECF No. 53 |

    Before the Court is Defendant Juan Perez's Application for a Stay of All Dates. ECF No. 53. The application is opposed by Plaintiff. The Court will grant the application.

    "[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." Landis v. N. Am. Co., 299 U.S. 248, 254 (1936). Whether to stay proceedings is entrusted to the discretion of the district court. See id. at 254–55. A district court must weigh various competing interests, including the possible damage which may result from granting a stay, the hardship a party may suffer if the case is allowed to go forward, and "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." Lockyer v. Mirant Corp., 398 F.3d 1098, 1110 (9th Cir. 2005).

    Plaintiff, who is appearing pro se, does not identify particular causes of action, but appears to allege that multiple defendants have conspired to falsely arrest him, illegally detain him, and seize his property. See ECF No. 3. Perez contends that the property at issue in this case was also the subject of claims brought in the Southern District of New York ("S.D.N.Y."), and that the court in S.D.N.Y. is imminently holding a hearing to determine the ownership and disposition of the property. ECF No. 53 at 2. As a result, Perez argues that the outcome of the hearing in

S.D.N.Y. may effectively moot the issues before this Court as to Perez. Id. at 5. A stay, Perez continues, would remove the need for potentially unnecessary proceedings in this court, and would impose no prejudice since Plaintiff only seeks monetary relief based on events that took place years prior to this action's commencement. Id. at 5-6.

Plaintiff responds by contending that the court in S.D.N.Y. lacks jurisdiction to conduct its hearing, and that his legal claims alleged in this case are distinct from the claims alleged in his S.D.N.Y. case. ECF No. 55 at 1-2. The Court takes no position on whether these claims are accurate. Plaintiff has not denied that the outcome of the S.D.N.Y. hearing may likely resolve some of the issues raised in this case through resolving the question of who owns the property in question. Nor has Plaintiff identified any prejudice that would result from a stay.

Accordingly, the Court concludes that a stay of proceedings in this case is appropriate. It therefore orders as follows:

(1) All proceedings in this case are hereby stayed until 30 days after the S.D.N.Y. has entered final judgment in regards to the issues discussed in its June 29, 2016 hearing.

(2) Within ten days after the S.D.N.Y. has entered final judgment, Defendant Perez shall notify this Court of the outcome.

(3) Within fifteen days after Perez has filed his notification, the parties shall file, jointly or separately, a proposed schedule for resuming proceedings in this case.

(4) A Case Management Conference is scheduled for October 5, 2016 at 2:00 p.m. Either party may move the Court for a continuance of this CMC based on the status of the S.D.N.Y proceedings by filing a motion at least seven days before the CMC.

IT IS SO ORDERED.

Dated: June 30, 2016

JON S. TIGAR
United States District Judge