UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  **CV 17-01346 CJC (AFM)**                           Date:  **April 30, 2018**

Title     **Chauncey M. Mahan v. Juan Perez, et al.**

Present: The Honorable:     ALEXANDER F. MacKINNON, U.S. Magistrate Judge

|  Ilene Bernal  |  N/A  |
| :---: | :---: |
| Deputy Clerk | Court Reporter / Recorder |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendants: |
| :---: | :---: |
| N/A | N/A |

**Proceedings (In Chambers):  Order to Show Cause**

On December 5, 2016, the then-assigned District Judge[1] issued an "Order Granting Motions to Dismiss." ("Order Dismissing"; ECF No. 118.)  The Order Dismissing held that plaintiff was "precluded from arguing that he owned the [property] confiscated from his Los Angeles storage unit, and by extension from making any claims arising out of that property." (*Id.* at 7.)  The Order Dismissing also held that plaintiff was "barred from making any claims arising out of his alleged false arrest." (*Id.* at 9.)  In addition, the Order Dismissing states that the "estoppel findings apply to all defendants." (*Id.*)  Although plaintiff was allowed leave to amend because he is proceeding *pro se*, the District Judge also stated that he was "skeptical" that plaintiff will be able to amend to cure the deficiencies "given that this Order effectively prohibits him from making any claims based on his ownership of the [property] or his 'arrest.'" (*Id.*)

The docket reflects that plaintiff filed a Second Amended Complaint ("SAC") on December 21, 2016, which is the operative pleading. (ECF No. 122.)  In his SAC,

---

[1]  On February 7, 2017, and pursuant to plaintiff's motion seeking a change of venue (ECF No. 121), this case was transferred from the Northern District of California to the Central District of California. (ECF No. 125.)  Further, pursuant to an Order of the Chief Magistrate Judge in the Central District, the case was transferred to the calendar of the above Magistrate Judge on April 25, 2018. (ECF No. 136.)

**CIVIL MINUTES – GENERAL**

Case No.   **CV 17-01346 CJC (AFM)**                          Date:   **April 30, 2018**

Title   **Chauncey M. Mahan v. Juan Perez, et al.**

plaintiff alleges that "unknown officers" with the Los Angeles Police Department ("LAPD") "came to [plaintiff's] storage unit . . . [and] entered without probable cause; and [plaintiff] was placed in handcuffs" before being taken to a police station. (*Id*. at 3.)  Plaintiff purports to raise one claim under the Fourteenth Amendment for "being illegally restrained" and "detained without due process of law." (*Id*. at 1-2.)  Plaintiff also alleges a Fourth Amendment claim arising from his allegations that LAPD officers "enter[ed] [his] storage units without probable cause, a warrant, a search warrant." (*Id.*)

The claims that plaintiff alleges in his SAC appear to be the same claims that Order Dismissing barred plaintiff from raising. Plaintiff's SAC purports to raise a claim for "illegal restraint" and a denial of due process, but those factual allegations arise from the same incident as the claims that plaintiff raised in his First Amended Complaint, which was the subject of the Order Dismissing. (*See* ECF No. 118 at 2-3.) While plaintiff purports to raise a claim in the SAC under a due process theory, such claims may only be raised under the Fourth Amendment because that Amendment provides the explicit source of plaintiff's right to be free from unreasonable searches and seizures. *See Graham v. Connor*, 490 U.S. 386, 395 (1989) ("Because the Fourth Amendment provides an explicit textual source of constitutional protection against [certain] … physically intrusive governmental conduct, that Amendment, not the more generalized notion of 'substantive due process,' must be the guide for analyzing these claims."); *Hufford v. McEnaney*, 249 F.3d 1142, 1151 (9th Cir. 2001) ("If, in a §1983 suit, the plaintiff's claim can be analyzed under an explicit textual source of rights in the Constitution, a court should not resort to the more subjective standard of substantive due process." (internal quotation marks omitted)).  As the stated in the Order Dismissing the FAC:  "At bottom, [plaintiff] alleges that he was falsely arrested and that his property was wrongfully confiscated." (ECF No. 118 at 4.)

Accordingly, plaintiff is ordered to show cause why this action should not be dismissed for failure to comply with the Order Dismissing and for raising claims in

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES – GENERAL

Case No.  **CV 17-01346 CJC (AFM)**                    Date:  **April 30, 2018**

Title    **Chauncey M. Mahan v. Juan Perez, et al.**

the SAC that plaintiff already has been found to be precluded from raising.  Plaintiff shall file and serve a response to the present order in a written filing on or before **May 31, 2018**.  Plaintiff is further cautioned that failure to comply with the present order or failure to show cause, will result in the recommendation that this action be dismissed for failure to prosecute and/or failure to state a claim on which relief may be granted.

   **IT IS SO ORDERED.**

                                                     _____
                                                          :
                                 **Initials of Preparer**    ib